UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| BURLEY ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-54-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MINNESOTA MINING AND | ) | **MEMORANDUM OPINION** |
| MANUFACTURING CO., et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Burley Adams' (Adams) Motion to Remand this action to state court. [Record No. 35] Because Adams has asserted colorable claims against the non-diverse defendants, the Court will grant his motion and remand this action to the Leslie Circuit Court.

**I.    BACKGROUND**

Adams is a former coal miner who claims to suffer from black lung disease. He states that he worked in various coal mines in Kentucky and used respirators designed to reduce the volume of coal dust that entered his lungs. Adams asserts that the respirators were manufactured by one of the following five "manufacturing" defendants: Minnesota Mining and Manufacturing Company (3M), American Optical, Mine Safety Appliances Company, FLEXO Products, or Moldex-Metric, Inc. He claims that the respirators were defective, allowing coal dust to enter his lungs and cause his black lung disease.

Adams has also filed suit against the Kentucky suppliers of the respirators: Mine Service Company, Inc. (MSC) and Kentucky Mine Supply Company (KMSC). If properly joined, these non-diverse defendants would destroy complete diversity. Adams argues that the Court should grant his motion to remand because he has asserted valid claims against the non-diverse Kentucky Defendants. In contrast, the Defendants argue that the Court has subject matter jurisdiction because the Kentucky suppliers were fraudulently joined and all claims against the non-diverse defendants should be dismissed, with the Court retaining jurisdiction over the remaining claims.

**II.   ANALYSIS**

The burden of establishing jurisdiction is upon the defendant as the removing party. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993); *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 330 (6th Cir. 1989). In *Coyne v. The Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999), the Sixth Circuit explained the relevant considerations in analyzing a claim of fraudulent joinder, noting that:

> the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand.

Further,

> [t]his court has a responsibility to accept jurisdiction in all proper cases. [However,] [i]t has a greater obligation to protect the jurisdiction of the State court, both by reason of comity to that court and fairness to litigants who have

> chosen it as a forum. Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction.

*Walsh v. Am. Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967). Based on these authorities, this Court must remand the case to state court if there is any doubt regarding its ability to retain jurisdiction.

The Defendants argue that the Kentucky Middleman Statute, K.R.S. § 411.340, forecloses any liability against the Kentucky Defendants. This statute provides that:

> In any product liability action, if the manufacturer is identified and subject to the jurisdiction of the court, a wholesaler, distributor, or retailer who distributes or sells a product, upon his showing by a preponderance of the evidence that said product was sold by him in its original manufactured condition or package, or in the same condition such product was in when received by said wholesaler, distributor or retailer, shall not be liable to the plaintiff for damages arising solely from the distribution or sale of such product, unless such wholesaler, distributor or retailer, breached an express warranty or knew or should have known at the time of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer.

K.R.S. § 411.340. The Defendants claim that the respirators and dust masks were sold in their original condition, thus precluding liability for the Kentucky Defendants. The Defendants also point out that the Adams has not established how the retailers should have known of the alleged defects in the masks. The Defendants argue that retailer has no duty to "test or seek out scientific information regarding the products" they sell. They claim that they cannot be liable under the "should have known" exception to the middleman statute. Furthermore, the retail defendants' lack of liability due to the middleman statute also means

that those defendants had no legal duty to Adams and, therefore, they have been improperly added to this case.

In addition to its previous decision in this case and its ruling in *Asher v. Minnesota Mining & Manufacturing*, 2005 U.S. Dist. LEXIS 25564 (E.D. Ky. Oct. 27, 2005), the Court again notes that it has reviewed opinions from two district judges which indicate that Kentucky's Middleman Statute does not render the distributors and retailers of the allegedly defective respirators "fraudulent" parties to the plaintiffs' suits. *Baker v. Minnesota Mining and Manufacturing Co.*, 2005 U.S. Dist. LEXIS 27401 (E.D. Ky. May 26, 2005); *Adams v. Minnesota Mining and Manufacturing Co.*, No. 4:03CV-182-M (W.D. Ky. March 30, 2004). Judge Caldwell's opinion, in fact, involved one of the same "fraudulent" parties (MSC). In that opinion, Judge Caldwell noted that

> [t]he only evidence produced by American Optical on this issue is an affidavit from Mine Service's president who states that, contrary to the allegations in the Complaints, Mine Service "had no reason to know at the time of the sale of each of the masks/respirator products of any alleged defects" in the products. This Court cannot determine that a distributor had no reason to know about a product's defects based solely on a conclusory statement made by the defendant distributor to that effect.

[2005 U.S. Dist. LEXIS 27401, *12]

Thus, as this Court held in *Baker v. Minnesota Mining and Manufacturing Co.*, *Id*, and as the District Court for the Western District of Kentucky held in *Adams v. Minnesota Mining and Manufacturing Co.*, No. 4:03CV-182-M (W.D. Ky. March 30, 2004), the undersigned must conclude that there is a colorable basis for predicting that those Plaintiffs whose masks came from the Kentucky Defendants *may* ultimately prevail against the

Kentucky retailers. This conclusion is bolstered by the fact that all doubts are "resolved in favor of remand." *Coyne*, 183 F.3d at 493.

The Kentucky Court of Appeal's recent decision in *Parker v. Henry A. Petter Supply Co.*, 165 S.W.3d 474 (2005), also supports this conclusion. In *Parker*, the court of appeals held that while the Middleman statute was applicable insofar as the plaintiff had identified at least some of the manufacturers, summary judgment for the retailers was inappropriate. The plaintiff produced expert testimony of a doctor who would have testified that the dangers of asbestos were known of in scientific and medical journals at least 20 years prior to plaintiff's exposure, and that by the time of plaintiff's exposure, that knowledge was widespread within the industry. *Id.* at 478. The court concluded that summary judgment was premature; that plaintiff had created an issue of fact sufficient to defeat summary judgment and allow discovery to continue.

While this Court is not bound by decisions of the lower state courts (and while the Court acknowledges that the burden of avoiding summary judgment in state court is much less than in federal court), it will follow decisions of the intermediate state appellate court unless persuasive evidence indicates that the highest state court would decide the issue differently. *Hicks v. Feiock*, 485 U.S. 624, 630 (1988), *quoting West v. American Tel. & Tel. Co.*, 311 U.S. 223, 237-238 (1940). As neither the Defendants nor this Court can identify any authority which suggests the Kentucky Supreme Court would overrule *Parker*, the Court will be guided by that decision.

### III. CONCLUSION

For the reasons discussed herein, it is **ORDERED** as follows:

(1) The Plaintiff's Motion to Remand [Record No. 35] is **GRANTED** and this action is **REMANDED** to the Leslie Circuit Court.

(2) All other pending motions [Record No. 45] are **DISMISSED** as moot.

This 21st day of November, 2005.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge